IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SCRIMENTI, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No.   20-250 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 22 and 25).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 23, 26 and 27).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.22) and granting Defendant's Motion for Summary Judgment. (ECF No. 25).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on February 15, 2019. (ECF No. 16-2, pp. 33-67).   On March 14, 2019, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 16-2, pp. 16-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 22 and 25).   The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Evaluation of Medical Records

Plaintiff first argues that the ALJ's decision is not supported by substantial evidence because he credited a report of Dr. Carothers,[2] an examining independent physician hired by Plaintiff's insurance company who assessed the need for continued chiropractic treatments, over the records of Dr. Hensler, his treating chiropractor. (ECF No. 23, pp. 11-13). Similarly, Plaintiff argues that the ALJ erred in failing to credit the records of his treating psychologist, Dr. Hogue over other records. (ECF No. 23, po. 13-15). Citing to the treating physician's rule, Plaintiff suggests that the ALJ must give more weight to his treating sources or explain why he rejected it. *Id*. p. 12, *citing,* 20 C.F.R. §404.1527; *See also,* ECF No. 27, pp. 1-3. Pursuant to the regulation, §404.1527 applies when evaluating opinion evidence. *Id.* Medical opinion evidence is defined

---

[2] Plaintiff attempts to make an issue out of the fact that the report of Dr. Carothers is labeled as an "Office Treatment Record" on the List of Exhibits when it was not an office treatment record. (ECF No. 23, p. 11; No. 16-1, p. 4). I find no merit to this point as the ALJ clearly identified Dr. Carothers as having performed an "independent chiropractic examination" in his decision. (ECF No. 16-2, p. 22).

3

as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The records referred to by Plaintiff from Dr. Hensler and Dr. Hogue are just that – treatment records. They are not medical opinions as defined by the regulations. Therefore, I find no merit to this argument.

Additionally, Plaintiff suggests that the evidence supports his physical limitations. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen,* 881 F.2d at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Additionally, the ALJ summarized the record finding Plaintiff's statements concerning the intensity, persistence and limiting effects of the same not entirely consistent with the medical evidence and other evidence. (ECF No. 16-2, p. 22). To that end, the ALJ found Plaintiff's statements to be inconsistent "because the claimant has only required some limited treatment for his pain and mental symptoms, the treatment notes have not been supportive of the claimant's allegations, and the claimant has reported a good level of activities of daily living." *Id.* The ALJ then summarized the same. *Id.* at pp. 22-23. Simply put, there is no requirement for an ALJ to

4

discuss or refer in his/her opinion to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Furthermore, substantial evidence is the standard and, therefore, not every piece of evidence has to support the ALJ's finding. Based on the ALJ's opinion, I am able to make a proper and meaningful review of his decision in this regard and find it to be supported by substantial evidence. (ECF No. 16-2, pp. 16-25).

Plaintiff also argues that the ALJ's residual functional capacity ("RFC") assessment[3] is not supported by substantial evidence. (ECF No. 23, pp. 14-15). In support of the same, Plaintiff suggests that the ALJ ignored his extensive history of treatment. *Id.* at p. 14. After a review, I find no merit to this argument. The ALJ acknowledged his accident in 1984 and his treatment ever since. (ECF No. 16-2, pp. 16-25). For example, the ALJ noted Plaintiff's degenerative disc disease, spondylosis and his spine's curvature to the left. *Id.* at p. 22. To that end, and citing to numerous records, the ALJ recognized that Plaintiff has had "conservative treatment, including physical therapy, Tens unit, prescription medication, injections, and chiropractic treatment." *Id.* at p. 22. Additionally, the ALJ discussed the MRI of Plaintiff's cervical spine and the report of Dr. Carothers. *Id.* Consequently, I find no merit to Plaintiff's suggestion that the ALJ "ignored" his neck and spinal conditions. Thus, remand is not warranted on this point.

An appropriate order shall follow.

---

[3] In this case, the ALJ found Plaintiff had the RFC to perform medium work with mental exceptions. (ECF No. 16-2, p. 21).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS SCRIMENTI,            )
                             )
            Plaintiff,       )
                             )
      -vs-                   )      Civil Action No.   20-250
                             )
KILOLO KIJAKAZI,[4]          )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
            Defendant.       )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of October, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 22) is denied and Defendant's Motion for Summary Judgment (ECF No. 25) is granted.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.